UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EYE KEYLA M. CARRUTHERS
WASHINGTON a/k/a ANTWAN M.
CARRUTHERS,

    Plaintiff,

  v.                                             CAUSE NO. 3:22-CV-742-DRL-MGG

JEFFREY SANFORD,

    Defendant.

OPINION AND ORDER

Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, a prisoner without a lawyer, filed a document titled "Affidavit/Motion For Protective Order of Probable Cause, Protection/Order Granting of Plaintif[f], Citizen Complaint Form" which the court construes as a complaint under 42 U.S.C. § 1983. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In her complaint, Ms. Washington alleges that, on August 10, 2022, the judge in her criminal case—Judge Jeffrey Sanford—violated her constitutional rights by failing to

"treat gender dysphoria equally." ECF 1 at 1-2. She says Judge Sanford was disrespectful because he made discriminatory and defamatory remarks to her when she appeared in his courtroom. *Id*. at 2. In this regard, Mrs. Washington asserts Judge Sanford slandered her pronoun and was biased against her because he used male gender pronouns; such as, he, him, and sir when addressing her, though there was evidence in the record that showed her status as a transgender person. *Id*. Ms. Washington seeks injunctive relief requiring Judge Sanford to recuse himself from her criminal case and a protective order because her constitutional rights have been violated. *Id*. at 2-4.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. However, § 1983 has limits on the types of violations it covers and on the people or entities that may be sued. Ms. Washington has named Judge Sanford as a defendant, but he cannot be sued for money damages under § 1983 for acts taken in a judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Nor do her allegations state a plausible claim for injunctive relief against Judge Sanford. *Davis v. Graves*, No. 16-cv-3233, 2016 WL 4493845, 2 (C.D. Ill. Aug. 26, 2016); *see also Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (noting that § 1983 bars injunctive relief against both state and federal judges).

2

Therefore, Ms. Washington cannot proceed against Judge Sanford because it is legally frivolous to do so.

Furthermore, Ms. Washington has already been told she cannot sue Judge Sanford. *See Carruthers v. Sanford*, Cause No. 3:22-CV-668-RLM-MGG (N.D. Ind. filed Aug. 15, 2022), dismissed Aug. 24, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim. It is malicious for her to sue him again in this lawsuit.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because this case is legally frivolous and malicious.

SO ORDERED.

September 22, 2022                              *s/ Damon R. Leichty*
                                                Judge, United States District Court